UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

ASHKAN RAJAEE, an individual, and MOBILE MONSTER, INC., a Canadian corporation,

Plaintiff,

v.

TYLER DAVIS; SCOTT R. CARPENTER; J. DOUGLAS KIRK; JOSEPH W. SCALIA; JOSHUA LINTZ; AMANDA FRYE; MELISSA GARCIA; MICAH L. BAILEY; D. EDWARD HAYS; SIARRA WOOD; KERRI WILLIAMS-HORN; JONATHAN LAWRENCE GERBER; GBQ PARTNERS LLC, an Ohio limited liability company; TALENTCROWD, LLC, a Wyoming limited liability company; PORTER CONSULTING LLC, a California limited liability company; MASON BUILDING & DESIGN, LLC, a California limited liability company; and TOPDEVZ, LLC, a California limited liability company,

Defendants.

Case No.: 26-cv-80-RSH-GC

**ORDER OF DISMISSAL**

[ECF Nos. 53, 82, 89, 93, 94, 110, 124, 125]

Before the Court are plaintiff Ashkan Rajaee's two motions for an expedited threshold determination whether TopDevz, LLC is lawfully before the Court through authorized counsel, ECF Nos. 53, 82; motions to dismiss filed by Defendants, ECF Nos. 89, 93, 94; Rajaee's motion to disqualify the undersigned, ECF No. 110; Rajaee's motion for leave to file a supplemental memorandum in support of the pending motion for disqualification, ECF No. 124; and Rajaee's motion for reconsideration of the Court's order granting a motion to withdraw filed by the attorney for plaintiff Mobile Monster, Inc. ("Mobile Monster"), ECF No. 125. This order addresses each of the foregoing motions and dismisses the case.[1]

## I. BACKGROUND

On January 6, 2026, Rajaee and his wholly owned corporation, Mobile Monster, filed this lawsuit against numerous defendants, including his former business partner Tyler Davis. ECF No. 1. This action is one of dozens of related proceedings that Rajaee has brought in this Court.

### A. Rajaee's Litigation

Rajaee's business dispute with Davis over the ownership and control of TopDevz LLC ("TopDevz") resulted in an arbitration award against Rajaee, and a subsequent judgment entered against him in 2023 in California Superior Court for San Diego County confirming the arbitration award, that Rajaee has consistently sought to use the federal courts to undo. This is the fourth federal lawsuit that Rajaee has filed arising from his business dispute with Davis; the three prior lawsuits were dismissed over a year before Rajaee and Mobile Monster filed this action.[2] The Court's dismissal order in connection

---

[1] Also pending are motions for sanctions, ECF Nos. 42, 106, which the Court does not address herein.

[2] *See Rajaee v. Davis et al.*, No. 24-cv-1-RSH-KSC (dismissed on Apr. 11, 2024); *Rajaee v. Davis et al.*, No. 24-cv-549-RSH-KSC (dismissed on Dec. 30, 2024); *Rajaee v. Davis et al.*, No. 24-cv-550-RSH-KSC (dismissed on Dec. 30, 2024). Rajaee has appealed

with the first of these cases described Rajaee's underlying dispute with Davis, and determined that Rajaee's federal lawsuit was an improper de facto appeal of a state court judgment and was barred by the *Rooker-Feldman* doctrine. *See* Case No. 24-cv-1-RSH-KSC, Dkt. No. 138 (Apr. 11, 2024 order).

Additionally, Ashkan Rajaee and his wife Nassim Rajaee are co-debtors in a bankruptcy proceeding in the U.S. Bankruptcy Court for the Southern District of California. *See In re Ashkan Rajaee and Nassim Rajaee*, Case No. 24-00617-CL7 (S.D. Cal.) (the "Bankruptcy Case"). In connection with the Bankruptcy Case, Rajaee or his wife have filed approximately twenty-six appeals.[3] Although some of the appeals have been withdrawn or dismissed for lack of prosecution, most of the appeals have in some manner sought to use the federal bankruptcy appellate process to challenge or revisit the state-court outcome of Rajaee's business dispute with Davis—sometimes in a manner that has no logical relationship to the order being appealed. For example, in Case No. 25-cv-3506-RSH-GC, Rajaee filed an interlocutory appeal from a decision of the Bankruptcy Court denying Rajaee's request for further findings of fact in connection with a ruling on which *Rajaee himself prevailed*. *See* Case No. 24-cv-3506, Dkt. No. 16 (Apr. 23, 2026 order of dismissal). The Bankruptcy Court had denied the Trustee's motion for sanctions against Rajaee; but Rajaee wanted this Court to declare, on appeal of the Bankruptcy Court's denial of Rajaee's motion for further findings of fact, that the San Diego judgment entered in 2023 was void. *See* Case No. 24-cv-3506, Dkt. No. 7, at 19 (Rajaee's opening merits brief).

To date, most of these bankruptcy appeals have been adjudicated, in each case resulting in an affirmance of the Bankruptcy Court's ruling or dismissal of the appeal. In many, if not most, of these appeals, Rajaee or his spouse have insisted that before the Court

---

these dismissals to the U.S. Court of Appeals, in Case Nos. 25-7593, 25-7601, and 25-7604.

[3] The first twenty-four of these appeals are listed in a recent order of dismissal in Case No. 26-cv-3170-RSH-DDL, Dkt. No. 17 (Oct. 8, 2026 order). Rajaee has filed additional appeals in Case Nos. 26-cv-5343-RSH-GC and 26-cv-5519-RSH-GC.

may turn to the merits of the appeals that they filed, the Court must rule on the purported "threshold" or "jurisdictional" issues they presented—which hark back to the business dispute between Rajaee and Davis. The Court has granted motions to sanction Rajaee for filing meritless, bad-faith bankruptcy appeals.[4]

**B. This Lawsuit**

The original 185-page complaint in this case includes another formulation of Rajaee's dispute with Davis, this time within the framework of alleged violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"). Mobile Monster, Rajaee's wholly owned corporation, also brings claims arising out of this business dispute. The thrust of Rajaee's and Mobile Monster's claims is that Davis fraudulently procured an arbitration award that resulted in Davis owning and controlling TopDevz and the cancellation of Mobile Monster's business relationship with TopDevz.

The original complaint alleged unlawful conduct by Davis beginning with the formation of TopDevz. At its inception, Davis allegedly promised to invest funds in exchange for an ownership interest in TopDevz, but ultimately invested using funds that Davis embezzled from another company. ECF No. 1 ¶¶ 214–25. Davis also allegedly used Rajaee's personally identifiable information to file false tax forms and fraudulently obtain a Paycheck Protection Program loan. *Id.* ¶¶ 226–41. Davis allegedly embezzled money from an unrelated company to cover a capital call from TopDevz. *Id.* ¶¶ 242–48.

In February 2021, Davis sought to dissolve TopDevz. *Id.* ¶ 249. Rajaee initiated arbitration proceedings and Davis brought a counterclaim seeking dissolution in that arbitration. *Id.* ¶¶ 250–51. The arbitrator issued an interim award on January 6, 2022, finding that Davis had over 95% ownership of TopDevz and designating Davis as its

---

[4] *See* Case No. 25-cv-3506, Dkt. No. 23, at 6 (Aug. 10, 2026 order imposing sanctions against Rajaee, finding that the appeal was wholly without merit, and "brought and pursued in bad faith and for an improper purpose, namely, to burden his adversaries with prolonged and repetitive litigation"); Case No. 25-cv-3530-RSH-GC, Dkt. No. 23, at 6–7 (Aug. 10, 2026 order finding same).

managing member. *Id.* ¶ 261. The 2022 interim arbitration award that was entered against Rajaee was allegedly obtained through systematic false testimony and the presentation of false evidence to the arbitrator. *Id.* ¶¶ 252–60. Upon obtaining the interim award, certain defendants allegedly unlawfully seized control of various bank accounts, *id.* ¶¶ 265–73; "ordered mass theft of Plaintiffs' entire trade secret database and confidential information," *id.* ¶¶ 274–86; fraudulently set up a "look-alike domain" for TopDevz, *id.* ¶¶ 287–90; physically raided and seized hardware and files from TopDevz's offices, *id.* ¶¶ 291–98; launched a "nationwide wire fraud campaign targeting all of TopDevz's clients," *id.* ¶¶ 299–314; and formed a new entity called Talentcrowd, LLC which served as a "money laundering vehicle" for TopDevz's stolen business, *id.* ¶¶ 315–331. Various attorneys, who are also defendants in this case, allegedly committed wire fraud by "transmitting hundreds of fraudulent pleadings, motions, declarations, petitions, memoranda, and other documents via the courts' electronic filing systems (interstate wire facilities) containing materially false statements designed to advance the racketeering scheme."[5] *Id.* ¶¶ 332–43. There were likewise false filings allegedly made with the IRS and the arbitrator. *Id.* ¶¶ 344–53. Various defendants also allegedly committed identity theft. *Id.* ¶¶ 354–81. Upon completing his takeover of TopDevz, Davis allegedly cancelled a lucrative business relationship between Mobile Monster and TopDevz, stole Mobile Monster's trade secrets, and fraudulently procured a multi-million dollar judgment against Mobile Monster. *See, e.g., id.* ¶¶ 21–25.

The complaint further alleged that Talentcrowd was ultimately acquired by Defendant GBQ Partners LLC ("GBQ Partners") in approximately February 2025. *Id.*

---

[5] The attorney defendants include J. Douglas Kirk, former attorney for TopDevz; Joseph W. Scalia, former attorney for Davis; Scott R. Carpenter, former attorney for Davis, TopDevz, and other Defendants; Jonathan Lawrence Gerber, former attorney for Defendant Amanda Frye; and Micah L. Bailey and D. Edward Hays, who have represented various defendants in legal proceedings involving Rajaee and are both counsel of record in this case. *See* ECF Nos. 1, 63.

¶ 432. GBQ Partners was allegedly aware that Talentcrowd was formed using TopDevz's stolen assets and has since exploited these stolen assets for profit. *Id.* ¶¶ 432–49.[6]

The complaint also included allegations of unlawful conduct in relation to the Bankruptcy Case. *See id.* ¶¶ 387–431. Davis allegedly continued to falsely represent himself to be the managing member of TopDevz, and Davis and TopDevz allegedly fraudulently represented themselves to be legitimate creditors of Rajaee. *Id.* ¶¶ 390–404. Davis and TopDevz allegedly entered into fraudulent settlement agreements and sales with the court-appointed Chapter 7 bankruptcy trustee. *Id.* ¶¶ 405–31.

On May 29, 2026, the Bankruptcy Court issued an order holding Rajaee in contempt for violating the automatic stay, as well as for violating the Bankruptcy Court's order converting the case to Chapter 7. *See* Bankruptcy Case, Dkt. No. 1031. Among the conduct at issue in the order was Rajaee's filing and pursuit of this lawsuit. The Bankruptcy Court determined that "[b]y filing and prosecuting this lawsuit post-conversion in January 2026, [Rajaee] has violated and continually violates the automatic stay by impermissibly exercising control over estate property and refusing to dismiss the complaint." *Id.* at 6. On July 7, 2026, the Bankruptcy Court entered a sanctions award in connection with this finding of contempt. *See* Bankruptcy Case, Dkt. No. 1045.[7]

On July 29, 2026, despite the Bankruptcy Court's contempt order, and in lieu of responding to the motions to dismiss, Rajaee and Mobile Monster filed their 259-page First

---

[6] Plaintiffs also sued: (i) various current and former employees of TopDevz or its successor entities, including Joshua Lintz, Amanda Frye, and Melissa Garcia; (ii) Siarra Wood, Rajaee's former personal and executive assistant; (iii) Kerri Williams-Horn, an accountant who provided services to Davis and TopDevz; (iv) Porter Consulting, LLC, an entity allegedly involved in Davis's PPP fraud, fraudulent capital transfer, and other unlawful acts; and (v) Mason Building & Design, LLC, an alleged intermediary for one of the unlawful predicate acts. *See* ECF Nos. 1, 63.

[7] On July 31, 2026, the Bankruptcy Court held Rajaee in contempt for violating another order in the Bankruptcy Case, and on August 17, 2026 ordered payment of additional sanctions for contempt. *See id.*, Dkt. Nos. 1056, 1075.

Amended Complaint ("FAC"), their operative pleading.[8] *See* ECF No. 63. The FAC, like the original complaint, alleges violations of RICO. Apparently in response to the Bankruptcy Court's May 29, 2026 contempt order, the FAC states in the first paragraph that Rajaee "appears pro se solely to request procedural preservation under Federal Rule of Civil Procedure 17(a)(3) of causes of action pleaded as belonging to the bankruptcy estate" in the Bankruptcy Case, "together with preservation of the January 6, 2026 filing date." ECF No. 63 ¶ 1. Later in the FAC, he explains, "Rajaee asserts no individual claim and does not purport to prosecute the Estate Claims on the merits. His present pro se role is limited to requesting preservation of those claims and the filing date until the lawful Estate representative may ratify, join, substitute, amend, adopt, or decline them." *Id.* ¶ 11.

Various defendants have filed motions to dismiss the FAC. *See* ECF Nos. 89, 90, 93, 94. Additionally, this Court directed briefing by the Parties on the legal effect on the current action of the stay in the Bankruptcy Case. *See* ECF Nos. 45, 81.

**C. Status of Representation**

The instant action was initially filed by counsel—the law firm of Ivie McNeill Wyatt Purcell & Diggs—on behalf of both Rajaee and Mobile Monster. *See* ECF No. 1. On May 30, 2026, the law firm moved to withdraw, citing the Bankruptcy Court's contempt order issued the day before. *See* ECF No. 33. Rajaee did not object to the withdrawal. On July 10, 2026, absent objection from Rajaee, the Court granted the motion to withdraw as counsel. ECF No. 45. The Court explained that with the withdrawal of counsel, Mobile Monster was no longer a represented party, and that a corporation may only appear in federal court through licensed counsel; and provided fourteen days for a licensed attorney to appear on behalf of Mobile Monster. *Id.*

---

[8] In light of the amended pleading, the Court denied as moot the motions to dismiss the original complaint. ECF No. 81.

On July 24, 2026, a "notice of appearance" was filed in the name of attorney Daryoush Shahrouzi, purporting to represent Mobile Monster while Rajaee proceeds pro se. ECF No. 54.

Shahrouzi is no stranger to the Rajaee litigation. Shahrouzi has also represented Nassim Rajaee in the Bankruptcy Case, and was counsel of record for her in her bankruptcy appeals before this Court, each of which has since been dismissed. Five of the six bankruptcy appeals appeared to be sheer multiplication of proceedings—they arose from notices of appeal all filed the same day in the Bankruptcy Case, purportedly through Shahrouzi on behalf of Nassim Rajaee, and were directed to the same Bankruptcy Court orders as four notices of appeal filed on Rajaee's own behalf on that same day. *See* Case No. 26-cv-3162, Dkt. No. 14, at 6–7 & n.2 (explaining the nine notices of appeal filed the same day). The statements of issues between Rajaee's appeals, and those filed in the name of his wife purportedly through Shahrouzi, were identical. *See id.* at 7. In one of those appeals, on motion of the Chapter 7 Trustee, the Court sanctioned Shahrouzi for filing a frivolous, bad-faith appeal in violation of Fed. R. Bankr. P. 8020.[9] *See id.* at 14 (Aug, 26, 2026 order).

Separately, the Court determined in two cases that Shahrouzi violated Fed. R. Bankr. P. 9011(b) by filing meritless motions for an improper purpose.[10] *See* Case No. 26-cv-3162, Dkt. No. 16 at 2 (Sept. 3, 2026 order); Case No. 26-cv-3166, Dkt. No. 16 at 2 (Sept. 3, 2026 order). Specifically, the motions at issue sought a ruling that the appeal should be transferred from the district court to the Bankruptcy Appellate Panel, on the grounds that Chapter 7 Trustee did not have authority to elect district court review—based on an argument that the Bankruptcy Court's appointment of the trustee was void due to alleged errors in the separate, earlier state-court litigation between Rajaee and Davis. *See, e.g.*,

---

[9] Fed. R. Bankr. P. 8020 is the bankruptcy equivalent to Fed. R. App. P. 38, governing frivolous appeals.

[10] Fed. R. Bankr. P. 9011 is the bankruptcy equivalent to Fed. R. Civ. P. 11.

Case No. 26-cv-3162, Dkt. No. 2 at 12 (motion arguing the Trustee's status "exists only because the bankruptcy court gave operative effect" to the arbitration award). In ordering Shahrouzi to show cause why he should not be sanctioned for violating Fed. R. Bank. P. 9011, the Court noted that his motion "fail[ed] to mention that the Court had already rejected substantially identical motions filed in other appeals by [Rajaee]," and that "[i]t is clear from the text of the respective motions that they are either the product of common authorship or extensive borrowing." Case No. 26-cv-3162, Dkt. No. 13, at 3–4 (Aug. 18, 2026 order). The Court also directed Shahrouzi, in responding to the order to show cause, to address whether he "personally drafted and/or reviewed the motion." *Id.* at 4. In response, Shahrouzi ultimately filed a declaration acknowledging that "[a]nything under my name remained my professional responsibility," but also explaining that "[t]he motion was not a document that I personally originated from beginning to end," and noting "substantial assistance from my team and persons assisting with the matter." Case No. 26-cv-3162, ECF No. 17 at 3.

In addition to those bankruptcy appeals in which Shahrouzi has appeared for Nassim Rajaee, Shahrouzi's name has appeared on two recent notices of appeal as representing Ashkan Rajaee. *See* Case No. 26-cv-4936, Dkt. No. 1; Case No. 26-cv-5519, Dkt. No. 1. Before making any further filings in either case, Shahrouzi filed motions to withdraw as counsel. *See* Case No. 26-cv-4936, Dkt. No. 8 (motion to withdraw filed Oct. 6, 2026); Case No. 26-cv-5519, Dkt. No. 4 (motion to withdraw filed Oct. 7, 2026). Rajaee has not opposed withdrawal, and the Court has not yet ruled on Shahrouzi's motions. On October 9, 2026, in the first of those two appeals, the Court entered an order that observed as follows:

> Attorney Shahrouzi's motion to withdraw attaches correspondence in which opposing counsel states, "[i]t appears that you have indicated that you authorized your client (a non-lawyer) to use your ECF credentials to file notices of appeal . . . ." ECF No. 8-1 at 10. If true, this fact, in connection with other portions of the record, is of concern to the Court.

> Previously, in Case No. 26-cv-3162, the Court noted that a meritless motion filed by Attorney Shahrouzi was "substantially similar" to two motions that Ashkan Rajaee had filed pro se in other related bankruptcy appeals, which the Court had previously denied. Dkt. No. 13 at 3. Indeed, similar filings made in Attorney Shahrouzi's name in other cases appear to be repetitive of pro se filings by Ashkan Rajaee, and inconsistent with the coherence expected from a licensed attorney and member of the Bar of this Court. In ordering Attorney Shahrouzi to show cause why he should not be sanctioned for filing a motion without adequate justification, the Court directed him to file a declaration "address[ing] whether [he] personally drafted and/or reviewed the motion." *Id.* at 4. Attorney Shahrouzi responded in a declaration that he "reviewed the motion before it was filed, although [he] did not personally originate all of its arguments," and further stated that "[t]he motion was filed electronically under my name." ECF No. 17, at 14. Attorney Shahrouzi's declaration accepted responsibility for error in connection that motion.
>
> The foregoing raises that possibility that documents being e-filed in the name of Attorney Shahrouzi, potentially across all eight cases,[11] are in fact being neither written nor e-filed by Attorney Shahrouzi or employees of his law firm. In the context of the proliferated proceedings here, and the numerous cases and filings found to be meritless, the Court is concerned by the possibility that Attorney Shahrouzi may not be exercising his professional judgment as a licensed attorney in each instance, but may instead be permitting his law license and e-filing credentials to be co-opted by a client, including with the goal of multiplying the proceedings.

Case No. 26-cv-4936, Dkt. No. 9 at 3–4 (footnote added). The Court directed Shahrouzi to file a declaration addressing whether he has provided his e-filing credentials to someone other than an employee of his law firm, to allow that person to e-file documents on his behalf; and for any such filings that were made in his name by someone other than himself

---

[11] In fact, with the addition to Case No. 26-cv-5519, there have now been nine cases (including the instant action) in which Shahrouzi has represented Ashkan Rajaee, Nassim Rajaee, or Ashkan Rajaee's corporation Mobile Monster.

or an employee of his firm, whether he read and approved such filing in advance. *Id.* at 4–5.

On October 23, 2026, in Case No. 26-cv-4936, Shahrouzi filed a declaration in response. *See* Dkt. No. 10. Although the declaration was only partly compliant with the Court's order, it explained that Shahrouzi is a solo practitioner with no office staff, and that an agent of Rajaee's known only to Shahrouzi as "Stephanie," apparently working from some location outside the United States, re-activated Shahrouzi's e-filing account and made the e-filings in Shahrouzi's name. *Id.* at 2. Although Shahrouzi authorized her to make electronic filings on his behalf upon his review and approval, Stephanie and/or Rajaee made or directed filings in Shahrouzi's name that he did not recall authorizing. *Id.* at 2–4. Shahrouzi's declaration attached correspondence with Rajaee appearing to reflect that the FAC in the instant action was neither drafted by Shahrouzi, nor reviewed and approved by him prior to Rajaee filing it. *See id.* at 11 ("To be clear, I did not draft the first amended complaint filed in federal court. After you filed that complaint and then showed it to me."). Rajaee appears to have responded to that message with profane verbal abuse and threats. *See id.* at 12.

Returning to the instant federal lawsuit, on October 18, 2026, Shahrouzi moved to withdraw as counsel for Mobile Monster. ECF No. 122. Shahrouzi cited a substantial breakdown in communications with Rajaee that had occurred over time, as well as health limitations, and stated that Shahrouzi had advised Rajaee in late August that Shahrouzi could not continue representing Mobile Monster and that the corporation needed replacement counsel. *Id.* at 5–6. Shahrouzi stated that he again advised Rajaee on September 7, 2026 that the corporation needed replacement counsel. *Id.* at 6. Shahrouzi's motion asked for an additional thirty-day period, following Shahrouzi's withdrawal, to allow Mobile Monster to obtain new counsel.

On October 20, 2026, the Court granted Shahrouzi's request for withdrawal by minute order. ECF No. 123. The Court stated, "[a]s the Court has previously explained [ECF 45], a corporation may appear in federal court only through licensed counsel," and

provided, "[w]ithin ten (10) days of the date of this order, unless a duly licensed attorney appears on behalf of Mobile Monster, the Court will dismiss all claims as to Mobile Monster."[12] *Id.*

## II. MOTION TO DISQUALIFY

Although Rajaee's motion to disqualify was filed after the motions to dismiss, the Court addresses this motion first. *See* ECF Nos. 110, 124. Rajaee argues that disqualification is warranted "under 28 U.S.C. § 455(a), separately under § 455(b)(1)'s personal-bias clause, and independently under the Fifth Amendment's guarantee of an impartial tribunal." ECF No. 110 at 1.

### A. Standard

A judge has a statutory duty to recuse himself under the following circumstances:

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b) He shall also disqualify himself in the following circumstances:
>
>> (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding; . . .

28 U.S.C. § 455(a)–(b). This statute addresses "wrongful or inappropriate" partiality. *Liteky v. United States*, 510 U.S. 540, 552 (1994). While a judge must be disinterested, "[d]isinterestedness does not mean child-like innocence." *Id.* at 551 (quoting *In re J.P. Linahan, Inc.*, 138 F.2d 650, 654 (2d Cir. 1943)). A judge may form an opinion of the actors and issues during the pendency of a proceeding. *Id.* "Also not subject to deprecatory characterization as 'bias' or 'prejudice' are opinions held by judges as a result of what they learned in earlier proceedings." *Id.* Additionally, a mere accusation of wrongful or

---

[12] The Court did not rely on Mr. Shahrouzi's October 23, 2026 declaration in granting the motion to withdraw, which was filed after the Court granted the motion.

inappropriate partiality in insufficient; “the ‘reasonableness’ limitation” in Section 455 means that “recusal is required only if the judge’s impartiality ‘might *reasonably* be questioned.’” *Id.* at 552 (quoting 18 U.S.C. § 455(a)).

“[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion.” *Id.* at 555. Similarly, “opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.” *Id.* Accordingly, “judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge,” unless “they reveal an opinion that derives from an extrajudicial source” or “reveal such a high degree of favoritism or antagonism as to make fair judgment impossible.” *Id.* The *Liteky* Court gave as an example of the latter category of bias or prejudice (requiring recusal) a statement of racial or national-origin animus against German Americans during World War I. *Id.* (citing *Berger v. United States*, 255 U.S. 22, 28 (1921)). By contrast, the Court explained that “*not* establishing bias or partiality . . . are expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display.” *Id.* at 555–56 (citation modified). In short, recusal is required only where a judge harbors bias or prejudice that “is so extreme as to display clear inability to render fair judgment.” *Id.* at 551.

The United States Constitution separately “guarantees ‘an absence of actual bias’ on the part of a judge.” *Williams v. Pennsylvania*, 579 U.S. 1, 8 (2016) (quoting *In re Murchison*, 349 U.S. 133, 136 (1955)). Recusal is required upon “a showing of an undue risk of bias, based on the psychological temptations affecting an ‘average judge.’” *Echavarria v. Filson*, 896 F.3d 1118, 1128 (9th Cir. 2018) (quoting *Caperton v. A.T. Massey Coal Co., Inc.*, 556 U.S. 868, 881 (2009)). “The Constitution requires recusal

where the probability of actual bias on the part of the judge or decisionmaker is too high to be constitutionally tolerable." *Id.* at 1129 (internal quotation marks and citation omitted).

**B. Analysis**

Plaintiff Rajaee argues that disqualification is appropriate because "across twenty-three cases assigned to the same judge, twenty-nine orders and counting reflect a persistent pattern: Rajaee's predicate challenges under the Constitution's Due Process Clauses, the internal affairs doctrine, and governing California law remain unadjudicated on their merits, while the opposing parties obtain favorable rulings that accept the very premises those challenges call into question." ECF No. 110 at 1. Rajaee asserts that the "combination of selective acceptance, [non-adjudication], and punitive treatment demonstrates the deep seated favoritism or antagonism that would make fair judgment impossible." *Id.* (internal quotation marks and citation omitted). Effectively, Rajaee argues that because his challenges in numerous bankruptcy appeals have been unsuccessful, it must be because the undersigned is biased.

As Rajaee concedes, his primary objection is to the undersigned's consistent rulings on identical arguments across numerous related cases. The motion argues that the undersigned has consistently declined to adjudicate what Rajaee refers to as his "predicate challenges," ECF No. 110 at 1–2, 8–25, which are, in effect, collateral challenges to the arbitrator's Final Award and the San Diego Superior Court's order confirming the Final Award. In Rajaee's view, the undersigned exhibited bad faith by "treating repeated requests to adjudicate unresolved predicates as evidence of bad faith," *id.* at 19, and declining to adjudicate these arguments.

The Supreme Court has made clear that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky*, 510 U.S. at 555. The fact that a party has not prevailed in numerous lawsuits does not mean that the presiding judge is biased or prejudiced against that party. And the fact that the Court has reached the same conclusion as to similar meritless arguments made in dozens of different cases does not establish partiality or bias. "Almost invariably," such arguments "are proper grounds for

appeal, not recusal." *Id.* Similarly, the fact that an adverse order contains language that a party finds displeasing is not grounds for recusal. *Id.* at 555–56. The Court finds that Rajaee's motion seeks the undersigned's recusal based on disagreements with the Court's judicial rulings or displeasure with word choices in the undersigned's orders.[13] Because there is an insufficient basis upon which to conclude that a reasonable person might question the undersigned's impartiality based on the arguments made in Rajaee's motion or that the risk of bias is constitutionally intolerable, the motion for recusal is **DENIED**.[14]

## III. DISMISSAL OF MOBILE MONSTER

### A. Standard

As this Court previously explained, "[i]t has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel." *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–02 (1993). Consistently, Local Civil Rule 83.3(j) provides that, with the exception of "natural persons representing their individual interests in propria persona[,] . . . [a]ll other parties, including corporations, . . . may appear in court only through an attorney permitted to practice pursuant to Civil Local Rule 83.3."

### B. Analysis

On July 10, 2026, this Court granted Mobile Monster's prior counsel's request to withdraw. *See* ECF No. 45. At that time, the Court advised that Mobile Monster could not proceed without counsel. *Id.* Daryoush Shahrouzi briefly entered an appearance as counsel

---

[13] Rajaee takes issue with the Court's statements that Rajaee acted "in bad faith and for an improper purpose," engaged in "repetitive efforts to re-litigate past defeats," and engaged in "scorched-earth" tactics. ECF No. 110 at 6–7. These statements by the Court were both apt and germane, and do not provide a basis for disqualification. *See Liteky*, 510 U.S. at 555–56.

[14] The Court has considered the additional arguments raised in Rajaee's supplemental memorandum. *See* ECF No. 124-2. The motion for leave to file the supplemental memorandum is **GRANTED**. Nonetheless, the additional arguments raised do not change the Court's conclusion.

for Mobile Monster, but later sought withdrawal, citing a "substantial breakdown in the working relationship with the corporate representative with whom counsel has communicated"—Ashkan Rajaee—among other reasons. ECF No. 122 at 2. The Court granted Shahrouzi's motion and warned Mobile Monster that "a corporation may appear in federal court only through licensed counsel." ECF No. 123. The Court noted that "[w]ithin ten (10) days of the date of this order, unless a duly licensed attorney appears on behalf of Mobile Monster, the Court will dismiss all claims as to Mobile Monster." *Id.*

As of the date of this order, fifteen days after the Court granted Shahrouzi's request to withdraw, a duly licensed attorney has not entered an appearance on behalf of Mobile Monster. Accordingly, all claims brought by Mobile Monster are **DISMISSED** without prejudice. *See Donell v. Perales*, 2009 WL 10671654, at *1 (S.D. Cal. Nov. 9, 2009) (dismissing a corporation's claims for failure to timely retain licensed counsel); *United States v. High Country Broad. Co., Inc.*, 3 F.3d 1244, 1245 (9th Cir. 1993) (per curiam) (affirming a district court's entry of default judgment against a corporation for failure to retain counsel on the ground that "[a] corporation may appear in federal court only through licensed counsel"). Mobile Monster is **DISMISSED** from the suit.

## IV. MOTION FOR RECONSIDERATION

Rajaee filed a motion for reconsideration of the Court's October 20, 2026 order granting Mr. Shahrouzi's motion to withdraw. ECF No. 125. Rajaee makes three arguments in support of the motion: "the motion was procedurally not proper before the court; its adjudication denied a meaningful response opportunity; and the two day withdrawal ruling compounded counsel prejudice while earlier threshold requests remained unresolved in the reviewed notices." *Id.* at 4.

First, Rajaee argues that Mr. Shahrouzi's motion did not comply with the undersigned's Civil Pretrial Rules. *Id.* at 5–6. The Court disagrees. Local Civil Rule 83.3(f) governs the proper procedures for filing and serving a motion to withdraw as attorney of record. Mr. Shahrouzi filed the required declaration attesting to service of the motion on Rajaee, in his capacity as president and owner of Mobile Monster. *See* ECF No. 122 at 8.

Mr. Shahrouzi's declaration also notes that he provided notice, approximately six weeks before filing his motion to withdraw, to Rajaee of his intent to withdraw as counsel of record. *Id.* at 6. Mr. Shahrouzi states that he informed Rajaee on September 7, 2026, that Mobile Monster "must retain licensed counsel admitted to practice in this Court, that Mr. Rajaee cannot represent the corporation pro se, and that failure to obtain counsel or comply with Court orders could jeopardize its claims, including possible dismissal." *Id.* The undersigned's Civil Pretrial Rules do not impose the requirements with which Rajaee argues Mr. Shahrouzi's motion did not comply.

Second, Rajaee argues that he was denied the opportunity to meaningfully respond to the motion to withdraw. ECF No. 125 at 6–7. Rajaee seeks to "present the reasons withdrawal should be denied and the evidence supporting those reasons." *Id.* at 7. However, Rajaee's 19-page motion to reconsider (96 pages with exhibits) does not explain why, apart from Rajaee's procedural objections, Shahrouzi should not have been granted leave to withdraw. Rajaee fails to meaningfully address the reasons presented by Shahrouzi or cited by the Court.[15]

The bulk of Rajaee's motion is devoted to his third objection to the Court's order, which reiterates arguments made in his two ex parte motions for a "threshold determination whether TopDevz, LLC is lawfully before the Court through authorized counsel," *see* ECF Nos. 53, 82, and his motion to disqualify the undersigned, motions the Court is denying.

---

[15] Mr. Shahrouzi's recently filed declaration in *Rajaee v. Davis*, No. 26-cv-4936-RSH-GC (S.D. Cal.), provides additional context for Shahrouzi's claimed breakdown in the attorney-client relationship. *See* Dkt. No. 10. The declaration and supporting exhibits reflect that Rajaee caused electronic filings to be made in Shahrouzi's name without Shahrouzi's authorization, purportedly on behalf of Mobile Monster. More broadly, Shahrouzi's declarations suggest a sham representation—Rajaee has used an attorney's bar license and e-filing credentials to allow Rajaee himself to act as attorney for Mobile Monster.

The Court does not take lightly the risk of prejudice to Mobile Monster from the dismissal of its claims for lack of representation. However, this prospect has been present in this case as far back as May 30, 2026, when Mobile Monster's first law firm filed a motion to withdraw. Rajaee has not disputed Shahrouzi's representation that Shahrouzi expressed his intent to withdraw in August 2026 and again September 2026. *See* ECF No. 122 at 6. Nor has Rajaee described any further efforts to obtain counsel for Mobile Monster.

The Court finds no basis for reconsidering its October 20, 2026 order or extending the Court's deadline for Mobile Monster to obtain replacement counsel. Rajaee's motion to reconsider the Court's October 20, 2026 order is **DENIED**.

## V. DISMISSAL OF RAJAEE FOR LACK OF PRUDENTIAL STANDING

Beyond the "irreducible constitutional minimum of standing," courts "additionally require as a prudential matter that [a plaintiff] assert his own legal interests as the real party in interest." *Dunmore v. United States*, 358 F.3d 1107, 1112 (9th Cir. 2004) (internal quotation marks and citations omitted). When a plaintiff files an action for which his bankruptcy estate is the "real party in interest," that plaintiff lacks prudential standing. *Id.* However, Rule 17 permits the plaintiff, in certain circumstances, to "obtain the real party in interest's ratification to proceed with the . . . cause of action." *Id.* Once the plaintiff has obtained ratification, the plaintiff can maintain the suit "as if the estate itself had originally commenced the action, so long as [the plaintiff's] decision to sue in his own name represented an understandable mistake and not a strategic decision." *Id.* All three motions to dismiss request dismissal of Rajaee's claims on the ground that he lacks prudential standing. *See* ECF No. 89-1 at 21–23; ECF No. 93-1 at 22–25; ECF No. 94-1 at 12–14.

Rajaee concedes that he lacks standing to sue in this case. Indeed, the first three paragraphs of the FAC allege the following:

> ¶ 1 Plaintiff Ashkan Rajaee ("Rajaee") appears pro se solely to request procedural preservation under Federal Rule of Civil Procedure 17(a)(3) of causes of action pleaded as belonging to the bankruptcy estate in *In re Ashkan Rajaee and Nassim Rajaee*, Bankruptcy Case No. 24-00617-CL (the "Rajaee Estate" or

> "Estate"), together with preservation of the January 6, 2026 filing date.
>
> ¶ 2 The Rajaee Estate is the substantive real party in interest for the Estate Claims. The question is not whether Rajaee or Christopher Barclay ("Barclay") is the valid estate representative; it is which person is legally authorized to act for the Estate. This First Amended Complaint ("FAC") defines the "Estate Representative Determination" as the first final appellate mandate or other final order that actually and necessarily determines whether the authorized Estate representative is: (a) Rajaee as Chapter 11 debtor in possession if conversion is held void or ineffective; (b) Christopher Barclay as Chapter 7 trustee if conversion remains operative; or (c) a duly appointed successor or other representative.
>
> ¶ 3 Until the Estate Representative Determination, the Estate allegations and claims are included only to identify and preserve causes of action for possible ratification, joinder, substitution, amendment, adoption, or declination by the lawful Estate representative. Identifying Barclay as one possible representative does not concede the validity of conversion, the asserted trusteeship, any settlement, any sale, or any conversion-derived order.

ECF No. 63 ¶¶ 1–3. Rajaee concedes that all of the claims he brings belong to his bankruptcy estate and that he lacks standing to bring the claims in an individual capacity as a result. *Id.* Rajaee believes he is entitled to pursue the claims under Federal Rule of Civil Procedure 17(a)(3) for the purpose of preserving the claims. *Id.* But that is incorrect.

Rajaee has not satisfied either of Rule 17(a)(3)'s requirements to maintain the suit. First, Rajaee has not obtained the Trustee's ratification, as he concedes. *See* ECF No. 63 ¶ 2 ("The Rajaee Estate is the substantive real party in interest for the Estate Claims."); ¶ 3 (noting that the claims "are included only to identify and preserve causes of action for *possible* ratification, joinder, substitution, amendment, adoption, or declination by the lawful Estate representative" (emphasis added)). Rajaee's opposition to the motion to dismiss suggests that the Court is required to direct an order to the Trustee, a non-party in this action, to allow the Trustee "to ratify, join, substitute, or decline the Estate Claims

pleaded in [the] FAC." ECF No. 109 at 10. There is no such requirement. This lawsuit was filed approximately ten months ago, the FAC was filed approximately three months ago, and the Trustee has not sought to intervene.[16]

Second, even if the Trustee had ratified or abandoned the claims, Rajaee was not entitled to file the FAC in the first place. The FAC describes Rajaee's strategy of bringing claims that he concedes belong to the Trustee for the purpose of preserving those claims. ECF No. 63 ¶¶ 1–3. This was a "strategic decision" rather than an "understandable mistake" under Rule 17. The Ninth Circuit has held dismissal of the action is appropriate in similar circumstances. *See Degamo v. Bank of Am.*, 849 Fed. App'x 620, 623 (9th Cir. 2021) ("Regardless of the propriety of the trustees' ratification, Plaintiffs nevertheless failed to meet the standard under Rule 17 because, as described above, Plaintiffs knew they were not the real parties in interest at the outset of litigation."); *Turner v. Cook*, 362 F.3d 1219, 1226 n.11 (9th Cir. 2004) ("[I]f a bankruptcy petitioner were to make an 'understandable' mistake in suing in his own name, he could proceed under Fed. R. Civ. P. 17(a) if the real party in interest were to ratify his actions." (citing *Dunmore*, 358 F.3d at 1112–13)); *Clift v. BNSF Ry. Co.*, 726 Fed. App'x 643, 644 (9th Cir. 2018) (affirming a "district court's determination that the protections of Rule 17(a)(3) did not apply, because [the bankruptcy plaintiff's] mistake in filing the claim in his own name was not honest and understandable"); *Jones v. Las Vegas Metro. Police Dep't*, 873 F.3d 1123, 1128 (9th Cir. 2017) ("The purpose of [Rule 17] is to prevent forfeiture of a claim when an honest mistake was made." (internal quotation marks and citation omitted)). Given Rajaee's conceded knowledge that he lacked standing to bring these claims at the time the FAC was filed and

---

[16] The Trustee is unquestionably aware of this case. The Trustee successfully sought to have Rajaee held in contempt by the Bankruptcy Court for pursuing this case. *See* Bankruptcy Case, Dkt. No. 1031 (Contempt Order) at 5–6; Dkt. No. 774 (Trustee's Application) at 13.

that the Trustee is aware of this case and has not sought to intervene, otherwise ratify, or abandon the claims, dismissal is proper.

Accordingly, Plaintiff Ashkan Rajaee is **DISMISSED** from the suit.

## VI. LEAVE TO AMEND

"Rule 15(a) declares that leave to amend shall be freely given when justice so requires[.]" *Foman v. Davis*, 371 U.S. 178, 182 (1962) (citation and internal quotation marks omitted). At the same time, "a district court may dismiss without leave where a plaintiff's proposed amendments would fail to cure the pleading deficiencies and amendment would be futile." *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011). "[T]he district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1072 (9th Cir. 2008) (quotation marks and citation omitted). "A district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (internal quotation marks and citation omitted).

Plaintiffs' briefs request leave to amend but fail to explain how the defects identified herein would be cured by amendment. *See* ECF No. 107 (Mobile Monster's Omnibus Opp'n to Defs' Mots. to Dismiss) at 53; ECF No. 109 (Rajaee's Omnibus Opp'n to Defs' Mots. to Dismiss) at 26–27. Based on the grounds for dismissal addressed above, it is clear that amendment would be futile. The Court in its discretion denies leave to amend.

Both Plaintiffs having been dismissed, the FAC is likewise **DISMISSED** without leave to amend.

## VII. MOTIONS FOR THRESHOLD DETERMINATION

Lastly, Rajaee brought two *ex parte* motions seeking what he describes as a "threshold determination whether TopDevz, LLC is lawfully before the Court through authorized counsel." *See* ECF Nos. 53, 82. The motions repeat Rajaee's objection to the arbitrator's findings in 2022—confirmed by the San Diego Superior Court in 2023—as to

the ownership and control of TopDevz. *Id.* Rajaee argues that he is the proper owner of TopDevz, that TopDevz's counsel was not lawfully retained, and that TopDevz has, therefore, not lawfully appeared in court. *Id.* Rajaee has brought substantially similar motions in his other cases, each of which the Court has denied. Here, whether TopDevz is lawfully before the Court is not in fact a "threshold issue," but instead is irrelevant, especially given that there are no longer any plaintiffs in this case. Rajaee's motions, ECF Nos. 53, 82, are **DENIED**.

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

## VIII. CONCLUSION

For the foregoing reasons, the Court **ORDERS** that:

1. Plaintiff Ashkan Rajaee's motion for leave to file a narrow supplemental memorandum, ECF No. 124, is **GRANTED**, to the extent that Rajaee's supplemental memorandum is accepted as filed and considered for purposes of this order;

2. Plaintiff Rajaee's motion to disqualify the undersigned, ECF No. 110, is **DENIED**.

3. Plaintiff Rajaee's motion for reconsideration of the Court's October 20, 2026 order granting Mr. Shahrouzi's motion to withdraw, ECF No. 125, is **DENIED**.

4. Plaintiff Rajaee's Ex Parte Motion for an Expedited Threshold Determination Whether TopDevz, LLC is Lawfully Before the Court Through Authorized Counsel, ECF No. 53, is **DENIED**.

5. Plaintiff Rajaee's Amended Ex Parte Motion for an Expedited Threshold Determination Whether TopDevz, LLC is Lawfully Before the Court Through Authorized Counsel, ECF No. 82, is **DENIED**.

6. Defendants' motions to dismiss, ECF Nos. 89, 93, and 94 are **GRANTED** as to all claims brought by Plaintiff Rajaee and **DENIED** as moot as to all claims brought by Mobile Monster.

7. Plaintiffs Ashkan Rajaee and Mobile Monster, Inc. are **DISMISSED**. The First Amended Complaint is **DISMISSED** without leave to amend. The action is **DISMISSED**.

The Clerk of Court is directed to close the case.

**IT IS SO ORDERED.**

Dated: November 4, 2026

Hon. Robert S. Huie
United States District Judge